UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-10371-RGK-CTS | Date | November 19, 2026 |
| Title | ***Christopher Merritt v. J.B. Hunt Transport, Inc., et al.*** | | |

| | | |
|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [DE 11]**

## I. INTRODUCTION

On May 16, 2024, Christopher Merritt ("Plaintiff") filed a class action complaint in state court against J.B. Hunt Transport, Inc. and Art Castillo (collectively, "Defendants") asserting the following claims: (1) Violation of Cal. Labor Code §§ 510, 1198 (Unpaid Overtime); (2) Violation of Cal. Labor Code §§ 1194, 1197 (Unpaid Minimum Wages); (3) Violation of Cal. Labor Code §§ 226.7, 512(a) (Unpaid Meal Period Premiums); (4) Violation of Cal. Labor Code § 226.7 (Unpaid Rest Period Premiums); (5) Violation of Cal. Lab. Code §§ 201–03 (Waiting Time Penalties); (6) Violation of Cal. Labor Code § 226(a) (Non-Compliant Wage Statements); (7) Violation of Cal. Labor Code § 204 (Failure to Pay Timely Wages); (8) Violation of Cal. Labor Code § 2802 (Failure to Reimburse Business Expenses); (9) Violation of Cal. Labor Code § 227.3 (Failure to Pay Vested Vacation Pay); and (10) Violation of Cal. Business and Professions Code § 17200 *et seq.* (Unfair Competition and Unfair Business Practices).

Over two years later, on September 14, 2026, Defendants removed this action to federal court asserting federal jurisdiction on the grounds of the Class Action Fairness Act ("CAFA"). Presently before the Court is Plaintiff's Motion to Remand, which argues that Defendants' removal was untimely. For the following reasons, Plaintiff's Motion to Remand is **DENIED.**

## II. FACTUAL BACKGROUND

On May 16, 2024, Plaintiff filed the present class action complaint against Defendants. On May 30, 2024, Plaintiff filed a First Amended Complaint ("FAC") against Defendants that corrected Defendant Art Castillo's name, added allegations for certain claims, and expanded commonality questions. Around the same time, Plaintiff brought a separate action against Defendants in state court premised on the Private Attorneys General Act ("PAGA Action").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-10371-RGK-CTS | Date | November 19, 2026 |
| Title | ***Christopher Merritt v. J.B. Hunt Transport, Inc., et al.*** | | |

Before these actions were filed, Defendants were litigating *Williams, et al. v. J.B. Hunt Transport Services, Inc., et al.* (Case No. 8:20-cv-01707-PSG-JDE), a separate matter against a similar class of plaintiffs from a different time period, and with similar allegations, claims, and issues regarding Defendants' failure to pay minimum wages and unfair business practices ("*Williams*" or "*Williams* case"). Citing judicial economy and the interests of justice, the parties agreed to stay the present class action until September 12, 2025, pending resolution of a Ninth Circuit appeal in *Williams*.

On October 28, 2025, Defendants answered the FAC in this action. On May 4, 2026, Defendants filed a Motion to Consolidate both of Plaintiff's actions (the present class action and the PAGA action). On July 27, 2026, while awaiting a ruling on the consolidation motion, Defendants indicated their intent to remove the present case after the state court issued its ruling.

On August 11, 2026, the state court denied Defendants' Motion to Consolidate. On September 14, 2026, Defendants removed the present class action case to federal court.

## III. <u>JUDICIAL STANDARD</u>

The party invoking federal jurisdiction has the burden to establish that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). When the removing party has failed to establish that the district court has proper subject matter jurisdiction over the action, remand is required. 28 U.S.C. § 1447(c).

Federal courts have original jurisdiction over class actions under the Class Action Fairness Act ("CAFA") where the class includes: (1) at least 100 class members; (2) at least one plaintiff is diverse in citizenship from any defendant; and (3) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2); *See also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015). In CAFA cases, there is no presumption against removability, as Congress designed the terms of CAFA to be interpreted expansively for certain class actions to be removed to federal court. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *Ibarra*, 775 F.3d at 1197.

Removal is governed by two deadlines detailed in 28 U.S.C. § 1446(b). If a case is removable on the face of the initial pleading, a defendant must remove the case within 30 days of service of that pleading. 28 U.S.C. § 1446(b)(1); *See also Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). If the case is not removable on the face of the initial pleading, then the defendant must remove within 30 days of receiving from the plaintiff "through service or otherwise, … an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); *See also Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). If either 30-day period lapses, the removal time restraints are "mandatory [such

that] a timely objection to a late petition will defeat removal." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 n.4 (9th Cir. 2013).

The general one-year removal limitation prescribed in 28 U.S.C. § 1446(c)(1) does not apply to the removal of class actions governed by CAFA. *See* 28 U.S.C. § 1453(b).

## IV. <u>DISCUSSION</u>

Plaintiff argues that Defendants' removal was untimely, as Defendants were aware of the case's removability well before the 30-day removal limitation ran based on information disclosed in Plaintiff's complaint and Defendants' experience in litigating a similar class action. For the following reasons, the Court finds the Defendants' removal timely, as neither of the 30-day limitations prescribed by 28 U.S.C. § 1446 were triggered and the one-year removal limitation of 28 U.S.C. § 1446(c)(1) does not apply to CAFA cases.

### A. <u>Removal Period Under 28 U.S.C. § 1446(b)(1)</u>

If the initial pleading indicates grounds for removability, the defendant must file a notice of removal within 30 days of receiving such pleading through service or otherwise. 28 U.S.C. § 1446(b)(1). The Ninth Circuit is clear about its standard: the initial pleading must *clearly and unequivocally* indicate removability to the defendant. *See Harris*, 425 F.3d at 693. Notice of removability is determined through the four corners of the initial pleading, not from Defendants' subjective knowledge. *Id.* Defendants' subjective knowledge "cannot convert a non-removable action into a removable one" and thus cannot begin the 30-day limit of 28 U.S.C. § 1446(b)(1). *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013).. Further, Defendants "do[] not have a duty of inquiry if the initial pleading . . . is 'indeterminate' with respect to removability." *Id.* at 1125. While there is no duty of inquiry, or to investigate, the removal statutes do require a defendant "to apply a reasonable amount of intelligence in ascertaining removability." *Kuxhausen*, 707 F.3d at 1140 (internal citations omitted). Within this duty, defendants must perform basic math calculations based on figures stated in a complaint. *See Id.*

Although Plaintiff contends that Defendants were aware of the present action's removability well before September 2026, the Court is not persuaded that the initial pleading indicated removability clearly and unequivocally. Plaintiff relies primarily on Defendants' prior litigation of *Williams*, their familiarity with substantially similar wage-and-hour claims, and the similarities between the classes in the two actions. The Court agrees that these facts tend to show that Defendants had reason to anticipate or believe that the present action could independently satisfy CAFA's jurisdictional requirements. However, as stated above, a defendant's subject knowledge or belief, alone, cannot trigger the removal period. *Roth*, 720 F.3d at 1126. The initial removal period is triggered only if the pleading itself clearly discloses the facts necessary to ascertain removability. Here, Plaintiff's original complaint alleges only

generally that Defendants failed to provide Class Members with various wages and benefits from 2020 until 2026. While Defendants do have a duty to apply reasonable intelligence and perform basic calculations, the complaint lacks even rough numeric information from which Defendants could be expected to perform such calculations to ascertain the amount in controversy.

The record simply fails to bridge the gap between Defendants' asserted knowledge of the jurisdictional facts and the information objectively disclosed in Plaintiff's pleading. Since Plaintiff's original complaint did not indicate removability on its face, the 30-day limitation governed by 28 U.S.C. § 1446(b)(1) was never triggered.

**B. <u>Removal Period Under 28 U.S.C. § 1446(b)(3)</u>**

As stated above, a second window of removability may be triggered by an amended pleading, motion, order or other paper that, on its face, sets out grounds for removal that is unequivocally clear and certain. *See Dietrich v. Boeing Co.*, 14 F.4th 1089, 1093-94 (9th Cir. 2021). This pleading, motion, order, or other paper must be *received by the defendant from the plaintiff*. *See, e.g.*, *Harris*, 425 F.3d at 694. Similar to the standard under Section 1446(b)(1), "notice of removability . . . is determined through examination of the four corners of the applicable [papers], not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 693. Facts indicating that a defendant had subjective knowledge does not constitute an "other paper" under 28 U.S.C. § 1446 and thus cannot start the 30-day removal limitation. *Id.*

With respect to the second window of removability, the record shows that Plaintiff filed an amended pleading. However, the amendment merely corrected Defendant Art Castillo's name, added factual allegations of specific unpaid tasks Plaintiff and Class Members undertook, and expanded commonality questions. The amendment provided no additional allegations that made removability ascertainable on its face, or by means of basic math calculations. To the extent Plaintiff makes the same argument regarding *Williams* and its connection to the present case, the Court finds this position unavailing for the same reasons discussed in Section IV.A., above, as well as the fact that nothing in those arguments implicates an "other paper" provided to Defendants by Plaintiff.

Plaintiff also makes much of the fact that Defendants indicated their intent to remove the case in July 2026, while their Motion to Consolidate was still pending in state court. (Pl.'s Mot. at 7-8.) While this fact shows that Defendants had knowledge of removability, it is ineffective for showing that the second 30-day removal period had been triggered by a pleading, motion, order, or other paper provided by Plaintiff to Defendants. Defendants' subjective knowledge, even when evidenced by an explicit statement of intent to remove the case, cannot trigger the limitation period.

Plaintiff has presented evidence indicating only that, well before Defendants removed this case, they knew of the jurisdictional facts rendering this case removable. However, by itself, that knowledge

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-10371-RGK-CTS | Date | November 19, 2026 |
| Title | ***Christopher Merritt v. J.B. Hunt Transport, Inc., et al.*** | | |

is insufficient to trigger the second 30-day removal period. Without receipt of an amended pleading, motion, order, or other paper from which it was unequivocally clear and certain that the requisite amount in controversy was satisfied, Defendants were not obligated to remove the action within 30 days of acquiring such knowledge.[1] Because neither statutory 30-day removal period was triggered, Defendants' removal was not untimely, provided that CAFA's jurisdictional requirements were satisfied at the time of removal.

## V. CONCLUSION

Based on the reasons discussed above, Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**

: 

Initials of Preparer JRE

[1] The Court notes that given Defendants' representation of the substantial similarity between *Williams* and this action, there are circumstances in which papers from the *Williams* record disclosing removability could possibly constitute "other papers" in this case. However, that issue is not before the Court, as there is no such identifiable paper from *Williams* that has been included in the record of *this case*.